# EXHIBIT A

## State Court Filings

Case Summary:

| Case Id: | 30-2020-01145574-CU-BC-CJC |
|---|---|
| Case Title: | ERIC M. SMOLE VS. EXPERIAN INFORMATION SOLUTIONS, INC. |
| Case Type: | BREACH OF CONTRACT/WARRANTY |
| Filing Date: | 05/26/2020 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| A | o et | Filing ate | Filing art | o u ent | Sele t |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 3909038 RECEIVED ON 05/14/2020 01:32:24 PM. | 06/30/2020 | | *NV* | |
| 2 | COMPLAINT FILED BY SMOLE, ERIC M. ON 05/26/2020 | 05/26/2020 | | 14 pages | ☐ |
| 3 | REQUEST TO WAIVE COURT FEES FILED BY SMOLE, ERIC M. ON 05/26/2020 | 05/26/2020 | | *NA* | |
| 4 | CIVIL CASE COVER SHEET FILED BY SMOLE, ERIC M. ON 05/26/2020 | 05/26/2020 | | 2 pages | ☐ |
| 5 | SUMMONS ISSUED AND FILED FILED BY SMOLE, ERIC M. ON 05/26/2020 | 05/26/2020 | | 2 pages | ☐ |
| 6 | ORDER ON COURT FEE WAIVER (SUPERIOR COURT) FILED BY THE SUPERIOR COURT OF ORANGE ON 05/26/2020 | 05/26/2020 | | 3 pages | ☐ |
| 7 | CASE ASSIGNED TO JUDICIAL OFFICER HOFFER, DAVID ON 05/26/2020 | 05/26/2020 | | 1 pages | ☐ |
| 8 | SMOLE, ERIC M. REQUEST TO WAIVE COURT FEES GRANTED IN WHOLE ON 06/30/2020. | 06/30/2020 | | *NV* | |
| 9 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 06/30/2020 | | 4 pages | ☐ |
| 10 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 02/03/2021 AT 09:00:00 AM IN C42 AT CENTRAL JUSTICE CENTER. | 07/20/2020 | | 2 pages | ☐ |

Participants:

| a e | T e | Asso | Start ate | En ate |
|---|---|---|---|---|
| TRANSUNION CORP. | DEFENDANT | | 06/30/2020 | |
| JAMES M. PECK | DEFENDANT | | 06/30/2020 | |
| EQUIFAX, INC. | DEFENDANT | | 06/30/2020 | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | DEFENDANT | | 06/30/2020 | |
| EXPERIAN INC. | DEFENDANT | | 06/30/2020 | |
| FAIR ISAAC CORPORATION | DEFENDANT | | 06/30/2020 | |
| MARK W. BEGOR | DEFENDANT | | 06/30/2020 | |
| ERIC M. SMOLE | PLAINTIFF | | 06/30/2020 | |
| RYAN LITTLE | DEFENDANT | | 06/30/2020 | |
| ALEXANDER LINTER | DEFENDANT | | 06/30/2020 | |
| EQUIFAX INFORMATION SERVICES, LLC | DEFENDANT | | 06/30/2020 | |
| THE GOLDEN 1 CREDIT UNION | DEFENDANT | | 06/30/2020 | |

Hearings:

| es ri tion | ate | Ti e | e art ent | u ge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 02/03/2021 | 09:00 | C42 | HOFFER |

Print this page

Electronically Filed by Superior Court of California, County of Orange, 05/26/2020 10:26:11 AM.
30-2020-01145574-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk.

1  Eric M. Smole
   5791 Terrier Dr.
2  Huntington Beach, CA 92649
   (714)615-9146
3  Plaintiff pro se
4

5                    SUPERIOR COURT OF CALIFORNIA

6
   FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER – CIVIL UNLIMITED
7                              Assigned for all purposes: Judge David A. Hoffer

8  ERIC M. SMOLE,                     )  Case No.: 30-2020-01145574-CU-BC-CJC
                                       )
9         Plaintiff,                   )
                                       )  **VERIFIED COMPLAINT FOR DAMAGES**
10                                     )
   vs.                                 )
11                                     )   1.  BREACH OF ORAL CONTRACT;
   EXPERIAN INFORMATION                )
12 SOLUTIONS, INC.; EXPERIAN           )   2.  DECLARATORY RELIEF
   INC.; RYAN LITTLE; THE              )       [Judgment thereon]
13 GOLDEN 1 CREDIT UNION, a            )
   Corporation; Alexander Lintner aka  )   3.  Temporary Restraining Order, Preliminary
14 President of Experian Data Corp;    )       and Permanent Injunction;
   Mark W. Begor aka CEO of Equifax    )
15 Inc ; James M. Peck aka CEO of      )   4.  FRAUD by Negligent Misrepresentation;
   Transunion; Equifax, Inc.; Equifax  )
16 Information Services, LLC;          )   5.  VIOLATION OF CONSUMER
   Transunion Corp.; Fair Isaac        )       REPORTING AGENCIES ACT (CIV
17 Corporation aka FICO and DOES 1-    )       CODE § 1785); AND INACCURACIES IN
   100, inclusive,                     )       INVESTIGATIVE REPORT (CIV. CODE
18                                     )       § 1786.20) [15 U.S.C. § 1681]; and for
                                       )
19        Defendants.                  )
                                       )   6.  INTENTIONAL INFLICTION OF
20                                     )       EMOTIONAL DISTRESS;
                                       )
21                                     )   7.  VIOLATION OF UNRUH
                                       )       CIVIL RIGHTS ACT;
22                                     )
                                       )   and Demand for Jury Trial
23                                     )
24 _____     Unlimited Jurisdiction
25

26        **Comes** plaintiff, ERIC M. SMOLE and for his **complaint** hereby complains, states

27    and alleges as follows:
28

## JURISDICTION & VENUE

1.  The first named defendant, Experian Information Solutions Inc., is and at all times herein

mentioned was a corporation located at 475 Anton Blvd. Costa Mesa, CA 92626

The damages exceed $25, 000. Therefore, the above-mentioned court is the

proper venue.

## PARTIES

2.       Plaintiff, ERIC M. SMOLE is now, and at all times mentioned in this complaint was, a

resident of the County of Orange, California.

4.       The true names and capacities, whether individual, corporate, associate or otherwise, of

DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore, sue said Defendants by

such fictitious names. Defendant DOES 1-100 acted, participated and conspired in each

act or omission alleged herein, and/or employed the other acting defendants making them

liable for such act or omission described in this complaint. Plaintiff will file an amended

complaint upon the discovery of the true identity for each DOE, when that information is

discovered, when given the opportunity to do so.

7.       Wherever and whatever reference is made in this complaint to any act or failure to act by

Defendant or Defendants, such allegations and references shall also be deemed to mean the acts

and failures of Defendants, whether acting individually, or jointly and severally.

### Summary of Facts

8.  Defendants profiled Plaintiff based on his business history, reputation, creed,

and race and denied him credit, even though he had a FICO of 800. His score should have been

at least 825, but unauthorized or inaccurate inquiries were on his credit reports. Golden 1

Credit Union reneged on a Loan approval without cause resulting in damages to Plaintiff.

FIRST CAUSE OF ACTION FOR
**BREACH OF ORAL OF WRITTEN CONTRACT**
against defendants THE GOLDEN 1 CREDIT UNION
AND DOES 1-100

9.  On or about October 18, 2019 plaintiff Eric Smole and defendant The *Golden 1 Credit Union*

    entered into an oral agreement whereby plaintiff Agreed to make monthly payments on a loan

    and defendant Golden 1 Credit Union agreed to approve and fund Eric Smole

    with a loan for $25,000. Then, they lowered the approval to $10,000.

10. Later Defendants changed the loan approval amount to $5,000.

11. Thereafter, Defendants **reneged on all offers** without any valid reason

    and damaged Plaintiff's business deals for which were made with 3rd parties

    after the Lender had initially approved the loan.

    Plaintiff lost lots of money based on the subsequent denial of the loan because

    he couldn't follow through with his business deals.

12. Plaintiff has performed all conditions, covenants, and promises required on his/her part

    to be performed in accordance with the terms and conditions of the contract

(except) he hasn't made monthly payments on the loan, because the loan was never funded.

13. On or about October 19, 2019, Defendants breached their agreement to fund

    Plaintiff with the money, and Plaintiff suffered sever damages as a result because

    he was unable to follow through with his business deals.

    Plaintiff was forced to borrow money from his friend, Mr. Abernathy as a result

    of defendants' wrongful conduct.

    Wherefore plaintiff Eric Smole prays for judgement against each defendant and

    DOE in the amount of $200,000 or according to proof for general damages,

1        and for $300,000 as punitive damages based on the Outrageous conduct described

2        herein, plus such other relief as the court finds appropriate.

3

               <u>SECOND CAUSE OF ACTION</u> for **DECLARATORY RELIEF**

4     *against   EXPERIAN INFORMATION SOLUTIONS, INC.; EXPERIAN INC.;  RYAN LITTLE; The*
       *GOLDEN 1 CREDIT UNION, a business form unknown; Alexander Lintner aka President of*

5      *Experian Data Corp; Mark W. Begor aka CEO of Equifax Inc ; James M. Peck aka CEO of*

6    *Transunion; Equifax, Inc.; Equifax Information Services, LLC Transunion Corp. and DOES 1-100*

7     14. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation

8        previously stated as though fully set forth herein.

9     15. The ***alter-egos of Experian, TransUnion and Equifax*** improperly disseminated

10

11 inaccurate credit reporting items on Plaintiff's Consumer Credit Reports.

12     16. The false statements, documents, letters and correspondence was made to a person

13 other than plaintiff with intent **to publicize** the record by disseminating the **wrong**

14 **FICO Score** and by disseminating ***inaccurate credit information on Plaintiff's***

15 ***credit reports.*** ***<u>The reports showed Inquiries.</u>*** ***Plaintiff disputed all items thereafter.***

16     17. There is **an issue of credit history** for which the court must adjudicate on

17        whether SMOLE FICO Score was fairly assessed.

18     18. Plaintiff requires an immediate determination of his rights or else **he** will suffer irreparable

19        harm.

20     19.  WHEREFORE, plaintiff prays for an order clarifying his credit history,

21        and an order compelling defendants of Experian, TransUnion and Equifax

22        to correct the Plaintiff's credit reports; and for general damages in an amount

23        according to proof for Intentional Infliction of Emotional Distress

24

25         <u>THIRD CAUSE OF ACTION</u> for **TEMPORARY RESTRAINING ORDER,**

26             **PRELIMINARY AND PERMANENT INJUNCTION**
   *against  EXPERIAN INFORMATION SOLUTIONS, INC.; EXPERIAN INC.;  RYAN LITTLE; The*

27    *GOLDEN 1 CREDIT UNION, a business form unknown; Alexander Lintner aka President of*
     *Experian Data Corp; Mark W. Begor aka CEO of Equifax Inc ; James M. Peck aka CEO of*

28   *Transunion; Equifax, Inc.; Equifax Information Services, LLC Transunion Corp. and DOES 1-100*

20. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation previously stated as though fully set forth herein.

21. On or about October 18, 2019 EXPERIAN INFORMATION SOLUTIONS, INC.; EXPERIAN INC.; Alexander Lintner aka President of Experian Data Corp; Mark W. Begor aka CEO of Equifax Inc ; James M. Peck aka CEO of Transunion; Equifax, Inc.; Equifax Information Services, LLC Transunion Corp. and DOES 1-100 intentionally reported inaccurate credit information on SMOLE's Credit report because of dislike of his race, religion or creed.

22. Defendants EXPERIAN INFORMATION SOLUTIONS, INC.; EXPERIAN INC.; Alexander Lintner aka President of Experian Data Corp; Mark W. Begor aka CEO of Equifax Inc ; James M. Peck aka CEO of Transunion; Equifax, Inc.; Equifax Information Services, LLC Transunion Corp. and DOES 1-100 have a pattern, practice and custom of lowering credit scores of certain races, classes, religions and creeds, and raising FICO credit scores for persons of their favorite races, religions and creeds.

23. EXPERIAN INFORMATION SOLUTIONS, INC.; EXPERIAN INC.; Alexander Lintner aka President of Experian Data Corp; Mark W. Begor aka CEO of Equifax Inc ; James M. Peck aka CEO of Transunion; Equifax, Inc.; Equifax Information Services, LLC Transunion Corp. and DOES 1-100 intentionally caused Plaintiff's credit information to be inaccurately reported.

24. On or about June 15, 2017, Mark W. Begor aka CEO of Equifax ; James M. Peck aka CEO of Transunion; and DOES 1-100 intentionally leaked private Credit Data to unauthorized persons.

25. In fact, about 3 weeks prior to the Data Breach, defendants TransUnion and Equifax sold portions of their stock with Equifax and TransUnion. Approximately 4 months after

*Plaintiff filed this instant action, the Federal Trade commission sued Equifax and a judgment in the neighborhood of $575 million dollars was awarded to the FTC as Trust Fund to compensate people like plaintiff here, SMOLE.*

**26.** *The ulterior purpose of their **intentional Data Breach, was "insider trading" and for marketing of a new product called LIFE-LOCK, and other Identity Theft Products which they are not marketing under false pretenses.***

27. Defendants have **reported false credit items** on SMOLE's Report since they discovered that this lawsuit was filed.

28. Plaintiff has made requests to Defendants to fix the data breach, and to correct the errors on Plaintiff's credit report.

29. The Experian, TransUnion, Equifax Defendants and DOES 1-100 have refused and failed to comply with Plaintiff's requests.

30. Plaintiff will suffer irreparable harm, unless a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction concerning Plaintiff's credit is issued.

31. WHEREFORE, Plaintiff request that this Court ORDER and DECREE that: a Temporary Restraining Order, and immediate OSC for Preliminary Injunction Issue, pending Permanent Injunction on the above-referenced issues.

A. Refrain from reporting False Credit Items and an Order that Defendants stop adjusting the FICO Scores based on race, religion, creed, and political associations.

////////

FOURTH CAUSE OF ACTION FOR **FRAUD by NEGLIGENT MISREPRESENTATION**

against  EXPERIAN INFORMATION SOLUTIONS, INC.; EXPERIAN INC.;  RYAN LITTLE;
The GOLDEN 1 CREDIT UNION, a business form unknown; Alexander Lintner aka President of
Experian Data Corp; Mark W. Begor aka CEO of Equifax Inc ; James M. Peck aka CEO of
Transunion; Equifax, Inc.; Equifax Information Services, LLC Transunion Corp. and DOES 1-100

32. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation

previously stated as though fully set forth herein.

33. On or about October 18, 2019, Defendant DOE of The **Golden 1 Credit Union** told

plaintiff that he qualified for a loan.

34. ***Defendant DOE of The Golden 1 Credit Union failed to disclose*** to Plaintiff that Defendant

had not yet pulled Plaintiff's Consumer Credit Reports, at the time of the approval.

35. Plaintiff SMOLE sent disputes and letters to all 3 credit bureaus.

However, Defendants Transunion and Equifax, and their officers, refused to remove

the negative items concerning SMOLE's credit reports,

after numerous requests were made by SMOLE within the last 2 months.

36. Defendant **Transunion negligently** misrepresented Plaintiff SMOLE's credit

worthiness to all potential creditors.

37. Defendant **Equifax negligently** misrepresented Plaintiff SMOLE's credit worthiness

to all potential creditors.

38. Mark Begor negligently misrepresented Plaintiff SMOLE's credit worthiness

to all potential creditors.

39. James Peck negligently misrepresented Plaintiff SMOLE's credit worthiness

to all potential creditors.

//////////////

****__Fair Isaac Corporation aka FICO used discriminatory procedures__ in generating __Plaintiff's FICO Score and has a pattern of practice of using discriminatory and unfair Scoring on individuals. [Plaintiff will amend the facts later.]__

40. Plaintiff was **harmed** as a result of the Loan status, by anxiety, loss of sleep, emotional anguish, loss of reputation, loss of title status, and will suffer irreparable harm, unless the court clarifies the dispute by awarding the relief sought in this complaint, by judgment, order and/or Decree.

41. Plaintiff *will amend this complaint after conducting DISCOVERY*, and further Alleges all FACTUAL CONTENT under CACI #1903, directed to each defendant in specific detail, based on all of the above facts, with the below referenced factual elements:

42. Plaintiff SMOLE relied on the representations of Defendants, and made business deals based on the pending Loan funds.

43. Plaintiff was **harmed** as a result of the Loan status, by anxiety, loss of sleep, emotional anguish, loss of reputation, loss of title status, and will suffer irreparable harm, unless the court clarifies the dispute by awarding the relief sought in this complaint, by judgment, order and/or Decree.

44. Plaintiff *will amend this complaint after conducting DISCOVERY*, and further Alleges all FACTUAL CONTENT under CACI #1903, directed to each defendant in specific detail, based on all of the above facts, with the below referenced factual elements:

45. CACI #1903.Negligent Misrepresentation [Essential Elements of Negligent Misrepresentation]

SMOLE claims he was harmed EACH DEFENDANT and DOE

negligently misrepresented a fact.

**Plaintiff further alleges all of the following:**

A. Defendants and DOES represented to SMOLE that a
   fact was true;
B. Defendants and DOES' representations were not true;
C. Defendants and DOES may have honestly believed
   that the representation was true,] DEFENDANTS
   had no reasonable grounds for believing the representation was
   true when they made them;
D. DEFENDANTS and DOES intended that SMOLE rely on
   this representation;
E. SMOLE reasonably relied on DEFENDANTS' representation;
F. SMOLE was harmed as a result of the negligent misrepresentations; and
G. SMOLE'S reliance on DEFENDANTS' representations was a substantial factor in causing the
   harm.

See prayer for relief at the end.

Plaintiff prays for damages against each Defendant and DOE for at least $300,000 or

in an amount according to proof, plus Punitive damages of at least $500,000.

### SEVENTH CAUSE OF ACTION FOR
### for VIOLATION OF CONSUMER REPORTING AGENCIES ACT (CIV CODE § 1785);
### AND INACCURACIES IN INVESTIGATIVE REPORT (CIV. CODE § 1786.20)
### [15 U.S.C. § 1681]

*against Defendants against   EXPERIAN INFORMATION SOLUTIONS, INC.; EXPERIAN INC.;
RYAN LITTLE; The GOLDEN 1 CREDIT UNION, a business form unknown; Alexander Lintner aka
President of Experian Data Corp; Mark W. Begor aka CEO of Equifax Inc ; James M. Peck aka CEO
of Transunion; Equifax, Inc.; Equifax Information Services, LLC Transunion Corp.*
*Fair Isaac Corporation aka FICO and DOES 1-100*

46.  The averments of paragraphs 1 through 44 are incorporated here.

47. Plaintiff is ignorant of the defendants' true names and thus also sues them as fictitious does

and will amend their complaint in the event that the names are incorrect and when the correct

information is ascertained.

48. Does 1-100 at all times herein mentioned were individuals or business forms unknown

to plaintiff that that acted, conspired and participated with the other named defendants, and owed a duty to Plaintiff to accurately report the credit information to the credit bureaus and to maintain accurate information based on the status of the accounts relevant. However, these Doe Defendants breached their duty owed to plaintiff.

49. At all times mentioned defendants were doing business in Orange County, California and Sacramento County and owed a duty to report accurate credit information regarding SMOLE's credit in Orange County, California.

50. On or about April 10, 2018, Defendant **Equifax** released private credit data to unauthorized individuals, and the news media released the story that Equifax was *negligent, and the data breach* resulted in harm to Plaintiff SMOLE.

51. On or about April 10, 2018, Defendant **TransUnion** released private credit data to unauthorized individuals, and the news media released the story that Equifax was *negligent, and the data breach* resulted in harm to Plaintiff SMOLE.

52. Experian Data Corp, is, and at all times herein mentioned, was a Corporation, with its primary office in Costa Mesa, California.

53. On or about **October 18, 2019** and on several other prior and subsequent occasions, defendants and Does 1-100 reported inaccurate information and maintained inaccurate information about the plaintiff. The information was reported inaccurately in the Experian, Transunion and Equifax reports of plaintiff.

*54. Fair Isaac Corporation aka FICO used discriminatory procedures in generating Plaintiff's FICO Score and has a pattern of practice of using discriminatory and unfair Scoring on individuals. The FICO Score was inaccurate.*

**55.** Thereafter, Defendants Experian, Equifax, and Transunion were given disputing information and evidence. However, they refused and failed to remove the negative credit information on SMOLE's credit report file. **Plaintiff had Inquiries on his reports which were not authorized. His Score showed around FICO 800, but it should have been at least 825.**

56. Thereafter, on several occasions, Plaintiff ***SMOLE submitted disputes*** to the Credit Reporting Agencies, but SMOLE's submitted disputes did not improve the damages concerning mitigation sought.

57. In preparing the above-mentioned investigative consumer report, defendants and each of them violated ***Civil Code § 1786.20 (b)*** and **15 U.S.C. § 1681** by failing to follow reasonable procedures to assure maximum possible accuracy of information contained in the plaintiffs' reports, thereby causing **the following inaccurate items of information to be contained in the reports**:

   *a. Defendants have falsely reported that Plaintiff had*
       *CREDIT INQUIRIES [and/or was late, or has unpaid the*
       *payments.]*

This items were inaccurate   As a result of this false reporting of credit, plaintiff has suffered loss of credit, bad reputation, loss of opportunity in obtaining other financing, and emotional distress. Wherefore, plaintiffs suffered damages in an amount according to proof, and pray for judgment in an amount of at least $500,000, and specifically in an amount according to proof.

58. In reporting the above-mentioned inaccuracies, defendants did so with malice, wanton, malice and completed disregard for the emotional health of plaintiff.

59. As a result of Defendants' inaccurate and false credit reporting, Plaintiff

SMOLE <u>suffered loss of potential credit offers, lowered interest rates on</u>

<u>credit card offers and on loan offers, and suffered a requirement to pay extra</u>

<u>interest on subsequent credit extended</u> by other creditors.

60. As a further result of the defendants actions and each of them, plaintiff

has suffered severe anguish and have sought or will need medical attention to treat the

anguish and emotional distress caused by the defendants.

Wherefore, plaintiff prays for judgment against each defendant in the amount of

**at least $25,000** or in an amount according to proof; and/or see prayer at the end of the complaint.

### SIXTH CAUSE OF ACTION FOR

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*against  EXPERIAN INFORMATION SOLUTIONS, INC.; EXPERIAN INC.;  RYAN LITTLE; THE*

*GOLDEN 1 CREDIT UNION, a Corporation; Alexander Lintner aka President of Experian Data*

*Corp; Mark W. Begor aka CEO of Equifax Inc ; James M. Peck aka CEO of Transunion; Equifax,*

*Inc.; Equifax Information Services, LLC; Transunion Corp.; Fair Isaac Corporation aka FICO and*

*DOES 1-100,*

61. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation

previously stated as though fully set forth herein.

Plaintiff further alleges that defendants' conduct caused Plaintiff SMOLE to suffer severe emotional

distress.

62. Defendants' and DOES 15-100'S conduct was outrageous;

Defendants and DOES 15-100 intended to cause Plaintiff SMOLE emotional distress;

Defendants acted with reckless disregard of the probability that Plaintiff SMOLE would suffer

emotional distress, knowing that Plaintiff SMOLE was present when the

conduct occurred;

63. Plaintiff SMOLE suffered severe emotional distress as a result of Defendants outrageous conduct.

Defendants and DOES 1-100's conduct was a substantial factor in

causing Plaintiff SMOLE severe emotional distress.

**SEVENTH CAUSE OF ACTION FOR <u>VIOLATION OF UNRUH CIVIL RIGHTS ACT</u>**

against  EXPERIAN INFORMATION SOLUTIONS, INC.; EXPERIAN INC.;  RYAN LITTLE;

THE GOLDEN 1 CREDIT UNION, a Corporation; Alexander Lintner aka President of Experian

Data Corp; Mark W. Begor aka CEO of Equifax Inc ; James M. Peck aka CEO of Transunion;

Equifax, Inc.; Equifax Information Services, LLC; Transunion Corp.; Fair Isaac Corporation aka

FICO and DOES 1-100

64. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation previously stated as though fully set forth herein.

65. Defendants used discriminatory practices in rating plaintiff's credit and FICO score, which resulted in harm to plaintiff on the basis of his religion, sex, creed and/or race. Defendants have  pattern of practice in damaging persons of protected classes reputation as a means of oppressing them into having worse credit from those from different classes, races, religions, sexes or creeds.

66. Plaintiff will amend this cause of action further later on.

67. WHEREFORE, plaintiff prays judgment against defendants and each of them

and for the proximate and foreseeable loss resulting from harm caused by defendants and DOES as follows:          Plaintiff demands a Trial by Jury

1. $200,000 in General Damages

2. $300,000 in Special Damages

3. $2,500,000 in Punitive Damages against these defendants

4. **Declaratory Relief** Judgment thereon, with a court order declaring that his negative credit items inaccurately reported are to removed

5. For Temporary Restraining Order, Preliminary and Permanent Injunction against Defendants

Dated: 5-14 , 2020

By _____
ERIC M. SMOLE, plaintiff pro se          *See attached Verification*

## VERIFICATION

I, ERIC SMOLE, am the plaintiff in the above-entitled action. I have read the

foregoing complaint and know the contents thereof. The same is true of my own

knowledge, except as to those matters which are therein stated on information and belief, and as to

those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is

true and correct.

Dated: 5-14 , 2020

By _____
ERIC M. SMOLE

Electronically Filed by Superior Court of California, County of Orange, 05/26/2020 10:26:11 AM.
30-2020-01145574-CU-BC-CJC - ROA # 5 - DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EXPERIAN INFORMATION SOLUTIONS, INC.; EXPERIAN INC.;
RYAN LITTLE;          [See attached SUM-200]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERIC M. SMOLE

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of California <br><br> for the County of Orange <br> 700 Civic Center Dr. West, Santa Ana, CA 92701 | CASE NUMBER: <br> *(Número del Caso):* <br> 30-2020-01145574-CU-BC-CJC <br><br> Judge David A. Hoffer |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eric M. Smole, Plaintiff pro se    5791 Terrier Dr. Huntington Beach, CA 92649    (714)615-9146

| DATE: 05/26/2020 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by | *Richard Clark* | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Richard Clark

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Transunion Corp

   under: ☑ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*: 07/06/2020

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE: Eric M. Smole vs. Experian, et. al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

THE GOLDEN 1 CREDIT UNION, a Corporation; Alexander Lintner aka President of Experian Data Corp; Mark W. Begor aka CEO of Equifax Inc ; James M. Peck aka CEO of Transunion; Equifax, Inc.; Equifax Information Services, LLC; Transunion Corp.; Fair Isaac Corporation aka FICO and DOES 1-100, inclusive,

Defendants.

Page 2 of 2

Page 1 of 1

CM-010

Case 8:20-cv-01488-DOC-JDE Document 1-1, County Case: 08/04/20, Page 19 of 20. Page
30-2020-01145574-CU-BC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): **Eric M. Smole**
5791 Terrier Dr.
Huntington Beach, CA 92649

TELEPHONE NO.: (714)615-9146    FAX NO.:
ATTORNEY FOR (Name): Plaintiff pro se

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Dr. West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center-Santa Ana Courthouse-Unlimited

CASE NAME:
Eric M. Smole vs. Experian Information Solutions Inc., et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2020-01145574-CU-BC-CJC |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) DEPT: | JUDGE: Judge David A. Hoffer<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify):* SEVEN
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 13, 2020

Eric M. Smole, Plaintiff pro se
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**